UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

Richard G. Barbato  
Linda F. Barbato,

Bankruptcy Case No. 2-21-20087-PRW  
Chapter 13

        Debtor.

**DECISION AND ORDER
SUSTAINING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
AND DENYING CONFIRMATION**

PAUL R. WARREN, U.S.B.J.

Richard G. Barbato and Linda F. Barbato filed this Chapter 13 case on February 15, 2021. (ECF No. 1). A proposed Chapter 13 Plan was filed on the same day. (ECF No. 2). The Upstate National Bank filed an objection to confirmation. (ECF No. 25). Upstate contends the Plan is unconfirmable, under 11 U.S.C. § 1325(a)(5), because it does not provide for payment in full of Upstate's secured claim. (ECF No. 25 ¶¶ 13-14). The Barbatos argue that Upstate's claim is wholly unsecured and need be paid only a few pennies on the dollar. (ECF No. 27 ¶ 8).

The issue at the heart of the parties' dispute is whether Upstate, having received a conditional assignment of two annuities, holds a perfected security interest in the two annuity contracts under New York law—where the issuer of each annuity received (and acknowledged) notification of Upstate's security interest in each annuity. The answer is yes.

The Court holds that, under New York common law, notification and acknowledgment are sufficient to perfect a security interest in an annuity under a conditional assignment. The objection of Upstate is **SUSTAINED**. Confirmation of the Plan is **DENIED**.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

# II.

# FACTS

Mr. Barbato was the President of Clarity Customer Management, Inc. (ECF No. 27 ¶ 1). In 2008, Mr. Barbato personally guaranteed a debt of Clarity to Upstate. (*Id.*). As collateral, Mr. and Mrs. Barbato conditionally assigned to Upstate an annuity issued by John Hancock Life Insurance Company of New York[1] and an annuity issued by First MetLife Investors.[2] (Proof of Claim No. 6-1, Exs. D & F). The annuities served as collateral for any existing or future debt incurred by Clarity in the ordinary course of its business. (Proof of Claim No. 6-1, Ex. D ¶ D, Ex. F ¶ D). The assignment for the Hancock Annuity required notification to and an authorized signature from Hancock. (Proof of Claim No. 6-1, Ex. F). An authorized representative from Hancock acknowledged receipt of notification of the assignment on August 12, 2008. (*Id.*). Written notice of the conditional assignment of the MetLife Annuity was sent to MetLife. (Proof of Claim No. 6-1, Ex. D). Upon receipt, MetLife issued a "Corporate Acknowledgment" signed by the Director of MetLife Investors on August 15, 2008. (*Id.*).

Nearly two years later, on January 4, 2010, the Barbatos signed a Promissory Note to Upstate in the principal amount of $290,763.51. (Proof of Claim No. 6-1, Ex. A). No new debt was incurred. (*Id.* at ¶ 12). The Promissory Note served to refinance the debt owed by Clarity to

---

[1] The last four digits of the Hancock Annuity Contract end in -4414.
[2] The last four digits of the MetLife Annuity Contract end in -4397.

Upstate. (*Id.*). One year later, the Barbatos executed Pledge Agreements (Proof of Claim No. 6-1, Exs. B & E), along with a Hypothecation Agreement (Proof of Claim No. 6-1, Ex. C), by which the Hancock and MetLife Annuities were again pledged as collateral to secure the obligations of the Barbatos under the Promissory Note. (Proof of Claim No. 6-1, Ex. C). Both Hancock and MetLife made regular payments to Upstate in keeping with the agreements, in amounts that would otherwise have been paid to the Barbatos under the annuity contracts. (ECF No. 35 ¶ 9). The payment stream was used to pay-down the loan balance. (*Id.*).

Ten years later, on February 15, 2021, the Barbatos filed a Chapter 13 petition. (ECF No. 1). Upstate filed a timely proof of claim, asserting a secured claim for the unpaid balance due on the Promissory Note (Proof of Claim No. 6-1). The principal balance due under the Note is $203,534.02. (*Id.*). Presently, the Hancock Annuity is valued at $83,286.83 and the MetLife Annuity is valued at $188,771.48. (ECF No. 1, Sch. A/B). Upstate argues that it has a perfected security interest in both annuities, because notice of Upstate's security interest was given to the issuer of each annuity and each issuer acknowledged receiving notice. (ECF No. 25 ¶¶ 15-16). Additionally, Upstate argues that it has a perfected security interest in the Hancock Annuity because it has possession of that annuity. (ECF No. 29 ¶ 6). Upstate asserts that the proposed plan is unconfirmable, because it does not provide for payment in full of its secured claim, as required by § 1325(a)(5) of the Code. (ECF No. 25 ¶ 14).

The Barbatos contend that the Upstate claim is unsecured because they did not give an absolute assignment of the annuities to Upstate. (ECF No. 36 at 6-8). Instead, each annuity was "conditionally assigned" with the Barbatos retaining certain rights. (*Id*. at 6). As the Barbatos see things, for Upstate to hold a perfected security interest in each annuity, there must have been a

3

complete transfer of the Barbatos' interest, coupled with a divestment of all control. (*See id.*). The Barbatos are incorrect.

## III.

## DISCUSSION

Unlike an absolute assignment, under a "conditional assignment" the assignor retains title to the collateral subject to the "performance of an *independent* obligation owed to the assignee." *Miller v. Wells Fargo Bank Int'l Corp.,* 540 F.2d 548, 558-59 (2d Cir. 1976). There is not a complete transfer of the assignor's interest nor a divestment of control by the assignor. *See id.* at 559. A conditional assignment is granted as additional security, not as a present transfer of all interest in the collateral. *See id*. The assignor has the option of "(1) performing the condition and retaining the collateral or (2) not performing the condition and forfeiting the collateral." *Id*.

> The transfer of a security interest in an insurance policy is governed by the common law of pledge. The elements of pledge include "an intention to pledge collateral security and possession of the collateral by the pledgee or by a third person acting on the pledgee's behalf for the purposes of securing a debt." *Miller v. Wells Fargo Bank Int'l Corp.,* 540 F.2d 548, 561 (2d Cir. 1976). *In the case of an insurance policy, it is sufficient to deliver the policy to the pledgee or to notify the insurance company of the transfer of interest*. *Id.* at 560 (citing cases on the conditional assignment of insurance policies).

*Peacock Holdings, Inc. v. Mass Mut. Life Ins. Co.*, No. 24 CV 5023, 1996 U.S. Dist. LEXIS 23338, at *13 (E.D.N.Y. May 23, 1996) (emphasis added) (some citations omitted). Here, not only did Upstate give notice of its security interest to Hancock and MetLife, each of those annuity issuers acknowledged receipt of that notice. (*See* Proof of Claim No. 6-1, Exs. D & F).

There are certainly substantive differences between an annuity and a policy of insurance. *See New York State Ass'n of Life Underwriters, Inc. v. New York State Banking Dept.*, 632 N.E.2d 876, 881 (N.Y. 1994) (holding that annuities are not insurance in the context of Banking Law). However, New York classifies annuities as insurance in its description of "kinds of insurance

4

Case 2-21-20087-PRW, Doc 39, Filed 11/03/21, Entered 11/03/21 15:17:26, Description: Main Document , Page 4 of 7

authorized in th[e] state." N.Y. Ins. Law § 1113(a)(2). Moreover, in its version of Article 9 of the Uniform Commercial Code, New York groups together policies of insurance and annuities in excluding both from coverage under Article 9. N.Y. *See* U.C.C. § 9-109(d)(8). Despite the substantive differences, New York includes annuities in its overarching definition of insurance policies under its version of both the Uniform Commercial Code and Insurance Law. *See* N.Y. U.C.C. § 9-109(d)(8); N.Y. Ins. Law § 1113(a)(2). Therefore, just as notification to the issuer is sufficient to perfect a security interest under a policy of insurance, so too where the collateral is an annuity. *See Miller*, 540 F.2d at 560; *Peacock Holdings, Inc.*, No. 24 CV 5023, 1996 U.S. Dist. LEXIS 23338, at *13.

Upstate alternatively argues that, in addition to having perfected its security interest by way of the conditional assignment, it has a security interest in the Hancock Annuity because it has physical possession of the Hancock Annuity contract. (ECF No. 28 ¶ 2). The annuity contract represents intangible property. *See In re Interstate Dep't Stores, Inc.*, 128 B.R. 703, 705 (Bankr. N.D.N.Y. 1991). Possession of the contract is, therefore, synonymous with possession of the annuity itself. *See Miller*, 540 F.2d at 561. Physical possession satisfies the second element of pledge— "possession of the collateral by the pledgee." *Peacock Holdings, Inc.*, No. 24 CV 5023, 1996 U.S. Dist. LEXIS 23338, at *13. Because Upstate is in possession of the Hancock Annuity contract, its security interest in the Hancock Annuity has been properly perfected.

The Barbatos argue that the Affidavit offered by Upstate, confirming that it has physical possession of the Hancock Annuity, is insufficient evidence to prove that Upstate in fact possesses the Hancock Annuity. (ECF No. 36 at 5). Notably, the Barbatos do not dispute that Upstate has possession of the Hancock Annuity—they merely complain about the sufficiency of the evidence. (*Id.*). The Barbatos offer no evidence to rebut Upstate's claim of possession. (*Id.*).

Under 11 U.S.C. § 502(a), "[a] claim or interest, proof of which is filed, . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *In re Tatro*, No. 12-21266-PRW, 2015 Bankr. LEXIS 1648, at *10 (Bankr. W.D.N.Y. May 14, 2015). A proof of claim filed in accordance with the Bankruptcy Rules "constitute[s] *prima facie* evidence of the validity and amount of the claim." Rule 3001(f) FRBP; *In re Tatro*, No. 12-21266-PRW, 2015 Bankr. LEXIS 1648, at *11. The burden of proof then "shifts to the objector to submit some evidence to rebut the *prima facie* validity of the claim." *In re Avaya, Inc.*, 608 B.R. 366, 369 (Bankr. S.D.N.Y. 2019).

Upstate filed a timely proof of claim, asserting a claim in the amount of $203,534.02 and classifying the claim as fully secured. (Proof of Claim No. 6-1). Consequently, the proof of claim constitutes *prima facie* evidence of the validity and amount of Upstate's claim. The Barbatos have not rebutted the presumption of validity of Upstate's claim—they have failed to offer any evidence demonstrating either that Upstate does not possess the Hancock Annuity or that notification and acknowledgement of the conditional assignment did not occur.

The Hancock and MetLife annuities were conditionally assigned to Upstate by the Barbatos. Instead of forfeiting all right, title, and control, the Barbatos retained title subject to an independent obligation. They had the option of either satisfying their indebtedness to Upstate and retaining title to the annuities, or forfeiting title to the annuities in the event of default. Hancock and Metlife were notified of the conditional assignments. Hancock and MetLife each acknowledged receipt of that notice. Because notification and acknowledgment was sufficient to perfect Upstate's security interest in each annuity under the common law doctrine of pledge, Upstate's claim is fully secured.

6

Case 2-21-20087-PRW, Doc 39, Filed 11/03/21, Entered 11/03/21 15:17:26, Description: Main Document , Page 6 of 7

## IV.

## CONCLUSION

Upstate's objection to confirmation is **SUSTAINED**. The Court holds that Upstate has a perfected security interest in both the Hancock Annuity and the MetLife Annuity. By operation of § 1325(a)(5) of the Code, Upstate must receive full payment of its secured claim, up to the value of the Hancock Annuity and the MetLife Annuity. Because the Chapter 13 Plan fails to treat the Upstate claim as secured, confirmation of the Plan must be **DENIED**.

**IT IS SO ORDERED.**

DATED: November 3, 2021                        _____/s/_____
        Rochester, New York                HON. PAUL R. WARREN
                                                         United States Bankruptcy Judge